[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 12179
Plaintiff Noel Rose brings this action against defendant Augustin James, claiming unlawful entry and detainer as prohibited by C.G.S. 47a-43
et seq. The case was tried to the court. Both parties appeared and testified and presented evidence. The court finds the issues in favor of the defendant.
The testimony of the parties, as well as that of a witness presented by the defendant landlord, was conflicting and sometimes confusing, especially with regard to the chronology of events. Although neither party gave intentionally false testimony, the court finds that the testimony of the defendant was more consistent and more certain. The plaintiff's testimony was, by contrast, marked by inconsistencies and lack of certainty. The court finds that the evidence presented by the defendant was essentially more accurate and reliable than that presented by the plaintiff.
Based on all of the evidence, the court finds the following facts. Prior to April 2000, the plaintiff occupied the first floor apartment at 134 Magnolia Street in Hartford, which are the premises in question, and he remained in possession as a monthly tenant until July 1. The defendant purchased the building on April 19, 2000.
The plaintiff had paid no rent to the former owner, instead serving as a caretaker of the building. He also paid no rent to the new owner, the defendant in this case, although there is no evidence that the parties had any agreement in that regard. Sometimes prior to July 1, the defendant informed the plaintiff that he would be obligated to pay $700 monthly rent. The plaintiff stated at that time that he would move out.
On July 1, the plaintiff moved to a new apartment at 114 Magnolia Street. Between July 1 and July 5, the plaintiff moved most of his belongings from 134 Magnolia to 114 Magnolia. The plaintiff moved some of his possessions to the basement of 134 Magnolia. By July 6, 2000, the apartment at 134 Magnolia was empty, and the plaintiff was living at 114 Magnolia. He had, however, left some of his possessions in the basement of 134 Magnolia.
Throughout the period up to July 6, the defendant was performing extensive remodeling work on the building at 134 Magnolia, but he did not begin working on the plaintiff's first floor apartment, except for some emergency electrical repairs, until after the plaintiff moved out.
In August, the defendant was ready and desired to begin remodeling work on the first floor apartment but was unable to gain access because the CT Page 12180 door was locked and the plaintiff still had the key. On August 16, the defendant, accompanied by a policeman, went to the plaintiff's new apartment at 114 Magnolia and obtained the key from him.
On August 18, the plaintiff returned and retrieved some of his possessions from 134 Magnolia.
On August 23, the defendant moved the plaintiff's remaining possessions from the basement at 134 Magnolia and put them on the curb for collection by the trash collector.
On August 25, the plaintiff commenced this action, claiming that the defendant has deprived him of the personal property left in the basement of 134 Magnolia Street. In his complaint and in his testimony, the plaintiff claims that the defendant first prevented him from removing his possessions from the basement and then disposed of them by throwing them in the trash without his consent. The plaintiff seeks damages based on the asserted value of those possessions, $5,130. The defense is, essentially, that the plaintiff had abandoned the premises and his possessions so that the defendant was legally entitled to dispose of them.
Abandonment by the tenant, under either statutory or common law, is a complete defense against an action in unlawful entry and detainer. The issue before the court in this case, therefore, is whether the plaintiff must be deemed to have abandoned the premises and his possessions prior to the bringing of this action.
Abandonment is a concept that is embodied in both statutory and common law. The relevant statute, C.G.S. 47a-1 ib, subsection(a) provides:
 (a) For the purposes of this section, "abandonment' means the occupants have vacated the premises without notice to the landlord and do not intend to return, which intention may be evidenced by the removal by the occupants . . . of substantially all of their possessions and personal effects from the premises and either (1) nonpayment of rent for more than two months or (2) an express statement by the occupants that they do not intend to occupy the premises after a specified date.
Subsection (d) of the statute provides that after abandonment by the tenant, the landlord may dispose of the tenant's property after thirty days.
CT Page 12181 Under common law, abandonment is defined as the voluntary and intentional renunciation of a known right and the intent required may be inferred from the surrounding facts. Gnandt v. DaCruz, No. CVBR-9403-02236, Superior Court, judicial district of Fairfield, Housing Session at Bridgeport (April 27, 1994, Melville J.).
The facts of this case as found by the court and set forth above fully support the conclusion that the plaintiff abandoned the premises at 134 Magnolia on July 1, 2000. He vacated the apartment on that date, removing substantially all of his possessions. He had never paid rent. He had previously indicated to the defendant his intentions to move and not return. He left some of his possessions in the landlord's basement (which was not part of the apartment that he had occupied as a tenant) for more than thirty days. He returned the apartment key on demand.
In response, the plaintiff testified that he was forced to leave as a result of the remodeling project on the upper floors and pressure from the defendant. He claims that he gave up the key only because he felt threatened by the presence of the policeman. Finally, he testified the defendant's son refused him permission to enter the building to retrieve his possessions. The court finds these claims not to be credible. In particular, there was no evidence other than the plaintiff's testimony that he was ever denied entry to the building for the purpose of retrieving his property. Indeed, the plaintiff himself also testified that he went back to the building to take property after he had already established himself at 114 Magnolia.
Based on the evidence summarized above, the court finds that the plaintiff abandoned the premises at 134 Magnolia Street on July 6, 2000. His claim of unlawful entry and detainer by the defendant subsequent to that date may not, therefore, be sustained
Judgment for the defendant, no costs to either party.
Maloney, J.